UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MONTGOMERY BLAIR SIBLEY,

                Plaintiff,                **DECISION AND ORDER**

      v.                             6:20-CV-06310 EAW

FRANK P. GERACI JR., *et al.*,

                Defendants.
_____

## INTRODUCTION

*Pro se* plaintiff Montgomery Blair Sibley ("Plaintiff") filed this action against defendants the Honorable Frank P. Geraci Jr., Chief District Judge, United States District Court for the Western District of New York ("Judge Geraci"), Mary C. Loewenguth, Clerk of Court, United States District Court for the Western District of New York ("Clerk Loewenguth"), and Catherine O'Hagan Wolfe, Clerk of Court, United States Court of Appeals for the Second Circuit ("Clerk Wolfe") (collectively "Defendants"), asserting claims in connection with his filings in *Sibley v. Watches*, No. 6:19-CV-06517 (the "*Watches* Action"), a civil action over which Judge Geraci is presiding. (Dkt. 1). Plaintiff further filed a motion to disqualify the undersigned and all other sitting district judges in the Western District of New York from presiding over the instant matter. (Dkt. 2).

On June 3, 2020, the Court issued a Decision and Order denying Plaintiff's disqualification motion and *sua sponte* dismissing Plaintiff's claims as frivolous. (Dkt. 3)

(the "June 3rd D&O"). Judgment in favor of Defendants was entered that same day. (Dkt. 4).

On June 16, 2020, Plaintiff filed a motion for reconsideration of the June 3rd D&O. (Dkt. 5). Plaintiff thereafter filed two motions for *procedendo ad justicium*, on August 31, 2020, and October 9, 2020. (Dkt. 6; Dkt. 7). For the reasons that follow, the Court denies Plaintiff's motion for reconsideration and denies his motions for *procedendo ad justicium* as moot.

## FACTUAL BACKGROUND

Plaintiff's factual allegations are set forth in detail in the June 3rd D&O, familiarity with which is assumed for purposes of the instant Decision and Order. To briefly summarize, Plaintiff asserts claims based on: (1) Clerk Loewenguth's agents' failure to issue summonses in the *Watches* Action prior to Judge Geraci issuing a decision on Plaintiff's motion for leave to proceed *in forma pauperis* (the "IFP Motion") filed therein; (2) Judge Geraci's failure to decide the IFP motion for 79 days; and (3) Clerk Wolfe's issuance of an Order striking from the Second Circuit Court of Appeals' docket a defective motion for leave to proceed *in forma pauperis* filed with that court. (Dkt. 3 at 2-3).

## DISCUSSION

### I.     Plaintiff's Motion for Reconsideration

Plaintiff seeks reconsideration of the June 3rd D&O on numerous grounds. Specifically, he argues that: (1) *nemo judex parte sua*, "a right reserved to [Plaintiff] under the Ninth and Tenth Amendment[s] and repeatedly recognized under due process considerations for an impartial tribunal," mandated a grant of his motion for

disqualification; (2) the undersigned made herself a witness in this matter by stating in the June 3rd D&O that "Judge Geraci's administrative role as Chief Judge of this District does not give him the authority over his fellow district judges that Plaintiff imagines"; (3) the requirement set forth in 28 U.S.C. § 144 for a certificate of counsel of record violates equal protection guarantees; (4) failure to act, as opposed to the taking of an affirmative action, does not fall within the scope of absolute judicial immunity; (5) public policy considerations prohibit the application of absolute judicial immunity in this case; (6) absolute judicial immunity does not bar Plaintiff's claims against Clerks Loewenguth and Wolfe; (7) Judge Geraci's action in failing to decide Plaintiff's IFP motion in what Plaintiff considered an appropriately timely fashion was "without the scope of his judicial responsibilities" and thus not shielded by absolute judicial immunity; (8) this Court's conclusion that the power to remove a district judge from office is reserved to Congress is erroneous and Plaintiff's arguments to the contrary are not frivolous; (9) the Court failed to address Plaintiff's claim for a declaratory judgment, which is not barred by absolute judicial immunity; (10) Plaintiff's claims were not frivolous; and (11) Plaintiff is entitled to oral argument and for the Court to "declare its *ratio decidendi*."  (Dkt. 5 at 2-21).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of

new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

Here, the vast majority of the arguments raised by Plaintiff fail on their face to satisfy the standard for reconsideration. The Court explained its reasons for denying Plaintiff's disqualification motion and for finding his claims frivolous in detail in the June 3rd D&O, and Plaintiff's disagreement therewith is not an appropriate basis for the Court to revisit its prior determinations. However, two of the arguments raised by Plaintiff merit further discussion.

First, as to Plaintiff's contention that absolute judicial immunity does not bar his claim for declaratory relief, it is true that "[w]hile absolute and qualified immunity foreclose all claims for damages, they do not necessarily preclude declaratory relief." *Franza v. Stanford*, No. 18-CV-10892 (KMK), 2019 WL 6729258, at *9 (S.D.N.Y. Dec. 11, 2019), *reconsideration denied*, 2020 WL 85228 (S.D.N.Y. Jan. 3, 2020). However, "where public official defendants are shielded by absolute or qualified immunity, purely

- 4 -

retrospective declaratory relief is inappropriate." *Id.*; *see also Leathersich v. Cohen*, No. 18-CV-6363, 2018 WL 3537073, at *4 (W.D.N.Y. July 23, 2018) ("Absolute judicial immunity bars declaratory judgment claims that are retrospective in nature in that they seek a declaration that a judge's past behavior has violated the Constitution." (quotation omitted)), *appeal dismissed*, No. 18-2600, 2019 WL 994360 (2d Cir. Jan. 30, 2019). Here, Plaintiff seeks a declaratory judgment that Defendants' actions regarding his previously filed *in forma pauperis* motions violated his constitutional rights—notably, Plaintiff does not allege that he has any pending *in forma pauperis* motions. Accordingly, Plaintiff's request for declaratory relief falls within the scope of Defendants' absolute judicial immunity.

Second, as to Plaintiff's contention that he is entitled to oral argument, "busy district courts are by no means required to hold oral argument on every motion that is filed[.]" *Borden, Inc. v. Meiji Milk Prod. Co.*, 919 F.2d 822, 828 (2d Cir. 1990); *see also Lewis, Lewis & Van Etten Inc. v. MCI Telecommunications Corp.*, 138 F.R.D. 25, 26 (E.D.N.Y. 1991) ("[C]ourts have repeatedly held that there is no constitutional right to present oral argument on motion." (collecting cases)). There is nothing about the instant matter that brings it outside the normal course or otherwise obligates the Court to hear oral argument on Plaintiff's request for reconsideration. The Court set forth in detail the reasoning behind its decision in the June 3rd D&O; to the extent necessary, it has expanded on that reasoning here. While Plaintiff may disagree with the Court's analysis, his remedy lies in the appellate process.

## **CONCLUSION**

For the reasons set forth above and in the June 3rd D&O (Dkt. 3), the Court denies Plaintiff's motion for reconsideration (Dkt. 5). Further, because the Court has now resolved the motion for reconsideration, it denies Plaintiff's motions for *procedendo ad justicium* (Dkt. 6; Dkt. 7) as moot.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   October 13, 2020
         Rochester, New York